<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DWAYNE PORTER, | : | Civil No. 04-6132 (FSH) |
| Petitioner, | : |  |
| v. | : | **O P I N I O N** |
| RONALD H. CATHEL, et al., | : |  |
| Respondents. | : |  |

**APPEARANCES:**

    DWAYNE PORTER, #326926B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey  08625
    Petitioner <u>pro se</u>

    STEVEN J. KAFLOWITZ, Assistant Prosecutor
    PROSECUTOR OF UNION COUNTY
    32 Rahway Avenue
    Elizabeth, New Jersey  07202-2115
    Attorneys for Respondents

<u>HOCHBERG</u>, District Judge

    Dwayne Porter filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a judgment of conviction in the Superior Court of New Jersey.  Respondents filed an Answer, arguing that the Petition should be dismissed as untimely and on the merits.  For the reasons expressed below, the Court dismisses the Petition with prejudice as untimely, and declines to issue a certificate of appealability.  <u>See</u> 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I.  BACKGROUND

Petitioner challenges a judgment of conviction filed on October 9, 1994, and amended on February 21, 1995, in the Superior Court of New Jersey, Law Division, Union County, after a jury convicted him of knowing and purposeful murder, felony murder, conspiracy to commit robbery and/or murder, first degree robbery, second degree burglary, possession of a weapon for an unlawful purpose (a knife), and unlawful possession of a weapon.  The Law Division sentenced Petitioner to an aggregate term of life imprisonment, with a 30-year period of parole ineligibility.  Petitioner appealed, and in an opinion filed on November 19, 1997, the Appellate Division of the Superior Court of New Jersey affirmed the convictions.  State v. Porter, No. A. 4372-95T4 (App. Div. Nov. 19, 1997).  On January 22, 1998, the Supreme Court of New Jersey denied certification.  State v. Porter, 152 N.J. 364 (1998) (table).

On September 7, 1998, Petitioner executed a pro se petition for post conviction relief and presumably handed it to prison officials for mailing to the court.  The Law Division denied relief by order entered January 19, 2001.  Petitioner appealed, and in an opinion filed June 4, 2002, the Appellate Division affirmed the order denying post conviction relief.  State v. Porter, No. A-3446-00T4 slip op. (App. Div. June 4, 2002).  On September 25, 2002, the Supreme Court of New Jersey denied certification.  State v. Porter, 174 N.J. 365 (2002) (table).

Petitioner executed the Petition which is now before the Court on November 1, 2004. The Clerk received it on December 15, 2004.  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

The Petition presents three grounds:

> Ground One: THE DEFENDANT'S STATEMENT WAS TAKEN INVOLUNTARILY, AND ACCORDINGLY SHOULD HAVE BEEN SUPPRESSED. U.S. CONST. AMENDS. V, XIV.
>
> Ground Two: TESTIMONY BY THE ARRESTING OFFICER VIOLATED THE RULE OF STATE V. BANKSTON TO DEFENDANT'S PREJUDICE, NECESSITATING REVERSAL.
>
> Ground Three: THE STATE'S MISCONDUCT DEPRIVED THE DEFENDANT OF A FAIR TRIAL, NECESSITATING REVERSAL. U.S. CONST. AMEND. XIV.

(Pet. ¶¶ 12.a. -12.c.)

The State filed an Answer, arguing that the Petition is untimely and that the grounds raised do not warrant habeas relief. Petitioner did not file a Reply to the Answer.

## II.  DISCUSSION

A.  Statute of Limitations

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[A]n application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

The AEDPA statute of limitations is also subject to equitable tolling. Miller, 145 F.3d at 618. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005). The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not

sufficient.  Id.; Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A).  The Supreme Court of New Jersey denied Petitioner's petition for certification on direct review by order filed January 22, 1998.  State v. Porter, 152 N.J. 364 (1998) (table).  The statute of limitations therefore began to run on April 22, 1998, the date on which the judgment became final by the expiration of the time for filing a petition for certiorari in the United States Supreme Court.  See Long v. Wilson, 393 F.3d 390 394 (3d Cir. 2004); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); 28 U.S.C. § 2244(d)(1)(A).  The limitations period ran for 137 days, and was statutorily tolled on September 7, 1998, when Petitioner handed his post conviction relief petition to prison officials for mailing to the Law Division.  The statute of limitations picked up again on September 26,

5

2002, the day after the Supreme Court of New Jersey denied certification on post conviction review.  The statute of limitations ran for the final 228 days until it expired on May 12, 2003.  Because Petitioner did not sign his § 2254 Petition until November 1, 2004, the Petition is untimely unless Petitioner is entitled to equitable tolling.  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Petitioner does not argue that the limitations period should be equitably tolled.  This Court has reviewed the submissions of the parties and has found no extraordinary circumstance that might warrant equitable tolling of the limitations period.  Under these circumstances, the statute of limitations expired on May 12, 2003.  Because Petitioner filed his § 2254 Petition on November 1, 2004, and because he was not entitled to equitable tolling, his Petition is barred by the statute of limitations.  This Court dismisses the Petition as untimely.  28 U.S.C. § 2244(d)(1).

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus with prejudice as untimely and denies a certificate of appealability.

         /s/ Faith S. Hochberg
    FAITH S. HOCHBERG, U.S.D.J.

DATED:   December 5, 2005