NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DWAYNE PORTER, | : | Civil No. 04-6132 (FSH) |
| Petitioner, | : |  |
| v. | : | **O P I N I O N** |
| RONALD H. CATHEL, et al., | : |  |
| Respondents. | : |  |

**APPEARANCES:**

> DWAYNE PORTER, #326926B
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey  08625
> Petitioner pro se
>
> STEVEN J. KAFLOWITZ, Assistant Prosecutor
> PROSECUTOR OF UNION COUNTY
> 32 Rahway Avenue
> Elizabeth, New Jersey  07202-2115
> Attorneys for Respondents

**HOCHBERG**, District Judge

Dwayne Porter filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a).  In an Order and Opinion entered December 7, 2005, this Court dismissed the Petition with prejudice as untimely and denied a certificate of appealability.  Presently before the Court are Petitioner's motions to file an out of time notice of appeal and for a certificate of appealability.  For the reasons expressed below and pursuant to Rule 78 of the Federal Rules of Civil Procedure, this Court denies the motions.  See Fed. R. App. P. 4(a)(5).

## I. BACKGROUND

Rule 4(a)(1) of the Federal Rules of Appellate Procedure establishes the time limit for filing a notice of appeal in a civil case: "the notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1). Where a pro se prisoner files the notice of appeal, "the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. Civ. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988) (pro se prisoner's notice of appeal is "filed" at the moment of delivery to prison officials for mailing to the court).

Rule 4(a)(5) permits the district court to extend the time to file a notice if appeal if the following two conditions are met:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A). Thus, this Court may grant Petitioner's motion only if he filed his motion for an extension no later than 30 days after the expiration of the time originally prescribed by Rule 4(a), see IUE. AFL-CIO Pension Fund v. Barker & Williamson, Inc., 788 F.2d 118, 122 n.2 (3d Cir. 1986), and he shows either excusable neglect or good cause, In re: Diet Drugs Products Liability Litigation, 401 F.3d 143, 154 (3d Cir. 2005).

As to the time requirement, the Order which Petitioner seeks to appeal was entered on December 7, 2005. See Fed. R. Civ. P. 4(a)(7)(A)(ii). The time for Petitioner to file a timely notice of appeal under Rule 4(a)(1)(A) expired on January 9, 2006, 30 days later. Petitioner's

motion for extension of time to file a notice of appeal, which the Clerk of this Court received on May 22, 2006, was executed on May 13, 2006. Even if Petitioner handed his motion papers to prison officials for mailing on May 13, 2006, see Fed. R. App. P. 4(c)(1), the motion does not satisfy the first condition under Rule 4(a)(5)(A)(i) because it was not filed no later than 30 days after the time prescribed by Rule 4(a) expired.

The good cause and excusable neglect standards have "different domains" and one is not inclusive of the other. Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's note to 2002 amendments (quoting Lorenzen v. Employees Retirement Plan, 896 F.2d 228, 232 (7th Cir. 1990)). "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault - excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's note to 2002 amendments.

In his motion papers, Petitioner explains his failure to file a timely notice of appeal as follows:

> 1. The above name[d] Petitioner was in ad seg and while in ad seg my papers were given to a paralegal who then ask paid to file my appeal. I had to wait until my 90 days was up to see and get my paperwork back.
>
> 2. I also was in lock up when the District Court's decision was received. I'm unable to get legal help with my appeal. I'll work to respond on time.

(Certification of Dwayne Porter dated May 13, 2006.)

3

Petitioner's declaration does not establish excusable neglect or good cause for failure to file a notice of appeal on or before January 9, 2006.  This Court will deny Petitioner's motion for to extend the time to file a notice of appeal.  The Court will also deny the application for a certificate of appealability.[1]

## IV.  CONCLUSION

Based on the foregoing, the Court denies Petitioner's motions to extend the time to file a notice of appeal and for a certificate of appealability.


    /s/ Faith S. Hochberg
**FAITH S. HOCHBERG, U.S.D.J.**


DATED:  May 31, 2006

---

[1] This Court denied a certificate of appealability in the Order entered December 7, 2005.